[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 9, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13242
Non-Argument Calendar

_____

Agency No. A97-955-130

ZI LONG LIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 9, 2008)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Zi Long Lin,[1] a native and citizen of China, through counsel, petitions this Court for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231(b)(3), 8 C.F.R. § 208.16(c). Lin argues that the IJ erred by finding that he was not credible, and therefore not entitled to relief. Upon review of the record and the parties' briefs, we discern no reversible error.

Because the BIA summarily affirmed without opinion the IJ's decision, we review the IJ's opinion. Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "The IJ's factual determinations, including credibility determinations, are reviewed under a substantial evidence standard, which provides that the IJ's decision can be reversed only if the evidence compels a reasonable fact finder to find otherwise." Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230-31 (11th Cir. 2006). An applicant bears the burden of proving eligibility for asylum, and his testimony, if credible, is sufficient by itself and without corroboration to establish such eligibility and relief

---

[1] Petitioner's name appears as Zi Long Lin in this appeal and on the various notices in the immigration court proceedings. However, the English language translation of Petitioner's Chinese identification documents that appear in the record indicate that his name is "Zi Rong Lin" and Petitioner also signed his asylum application as "Zi Rong Lin."

from removal.  Id. at 1231.  "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application."  Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005).  However when making an adverse credibility determination, the IJ must offer specific, cogent reasons to support such finding.[2]  Id.

Lin requested asylum in the United States out of fear that if he returns to China he will be persecuted by the Chinese government because of his purported association with the tenants to whom he rented his former home and who the government allegedly arrested and tortured on account of the tenants' practice of the prohibited spiritual movement known as Falun Gong.  In denying Lin's application for asylum, the IJ made an explicit finding that Lin's testimony was not believable, consistent, nor sufficiently detailed to establish his eligibility for asylum and thereby denied his claim for lack of credibility.  In so doing, the IJ discussed the substantial and material discrepancies in the record that led her to conclude that Lin lacked the requisite credibility.[3]

---

[2] Congress, with the passage of The REAL ID Act in 2005, amended the law pertaining to credibility determinations for applications for asylum that were filed after May 11, 2005.  See Pub.L. No. 109-13, 119 Stat. 302, § 101(h)(2); 8 U.S.C. § 1158(b)(1)(B)(iii). Nonetheless, because Lin's application for asylum was filed on November 3, 2004, the amendment affected by The REAL ID Act does not apply to this matter.

[3] Lin also argues the merits of his claim for asylum and withholding of removal, however, because the IJ's decision was premised entirely on her finding of Lin's lack of credibility and did not address the merits of his claim, our review is limited to the IJ's adverse credibility determination. Chen, 463 F.3d at 1232 n.4.

Upon careful review of the trial testimony and documentary evidence in this case, we conclude that the IJ articulated specific, cogent reasons for her adverse credibility determination. Moreover, in response to questioning by the IJ regarding inconsistencies between his testimony and the documentary evidence, including his asylum application, Lin failed to offer sufficient or plausible explanations on the record that would compel a reasonable fact finder to conclude otherwise. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005) (explaining that the IJ's decision can be reversed only if the evidence on the record compels a different result). On appeal, Lin offers explanations for the discrepancies identified by the IJ, however, there is no evidence in the record in this case to support these explanations. Because our review of the IJ's decision is highly deferential, "[a] credibility determination, like any fact finding, may not be overturned unless the record compels it." Forgue, 401 F.3d at 1287. Here, the record evidence supports the IJ's finding that Lin was not credible.

Because Lin has not met his burden of proof with respect to the asylum claim, he has also not met his burden with respect to his claims for withholding of removal under the INA and relief under CAT. Id. at 1288 n.4. Accordingly, we deny the petition.

**PETITION DENIED.**